OPINION
Appellant Eugene McCall appeals his conviction, in the Muskingum County Court of Common Pleas, for one count of aggravated robbery and one count of robbery. The following facts give rise to this appeal.
In the early afternoon hours of October 18, 2000, appellant walked into Ford's BP Station, in the City of Zanesville, Muskingum County, and with a pistol in hand demanded money from James and Bonnie Ford, the owners of the station. At the time of the robbery, appellant wore dark jeans, a dark jacket, a gray colored sweatshirt, a white baseball cap and a tight fitting glove. Appellant also had a gray bandana covering the lower portion of his face. Appellant carried a brown paper bag and a long barreled, chrome colored gun, which he pointed at the Fords during the robbery.
Also present at the station, with the Fords, was Daniel Barnhart. Appellant ordered Mr. Barnhart to move closer to the counter and ordered Mrs. Ford to fill the brown bag with money. Mrs. Ford began tapping Mr. Ford's hand. Mr. Ford was standing behind his wife counting money. When Mr. Ford turned around, appellant placed the pistol two to three inches from Mr. Ford's stomach and ordered Mr. Ford to give him the money. Mr. Ford shoved his wife into an adjacent room and retrieved a pistol that he kept in the room. Mrs. Ford hit the alarm. When Mr. Ford returned to the front of the store, appellant had already fled the station.
Mr. Barnhart and Mrs. Ford ran out of the station attempting to locate the direction appellant fled while Mr. Ford telephoned the police. Mr. Barnhart and Mrs. Ford observed a small, black vehicle on Lee Street heading toward the eastbound ramp of Interstate 70. Immediately following the robbery, Connie Tolliver entered the station and asked Mr. Ford if they had any problems. Mr. Ford informed Ms. Tolliver that an armed robbery had just occurred. Ms. Tolliver responded that she had just seen appellant going through the alley at a high rate of speed in a small, black vehicle.
Ms. Tolliver also spoke on the telephone, with police dispatchers, and gave the dispatcher appellant's name and description. Based upon this information, the authorities issued an all points bulletin for appellant. After appellant discovered that the authorities were looking for him, he drove to the Zanesville Police Department where he was immediately arrested. While Mr. Ford was at the police station giving a statement about the robbery, appellant was brought into the same general area for interrogation. Mr. Ford immediately identified appellant as the person who had just robbed his gas station.
The police photographed the vehicle appellant drove to the police station prior to impounding it as evidence. The police also obtained clothing and a small caliber handgun from a dumpster located in the same vicinity of the BP Station.
On October 25, 2000, the Muskingum County Grand Jury indicted appellant on one count of aggravated robbery and one count of robbery. This matter proceeded to trial on December 28, 2000. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court determined that the one count of robbery, for sentencing purposes, merged with the one count of aggravated robbery and sentenced appellant to ten years on the count of aggravated robbery.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE INITIAL OUT OF COURT IDENTIFICATION OF THE APPELLANT BY MR. JAMES FORD AND THE SUBSEQUENT IN COURT IDENTIFICATION OF APPELLANT BY MR. JAMES FORD SHOULD HAVE BEEN SUPPRESSED AS BEING UNDULY SUGGESTIVE AS (SIC) BEING (SIC) SUGGESTIVE (SIC) AND TAINTED BY THE INITIAL IDENTIFICATION PROCEDURE, THEREBY DENYING THE APPELLANT HIS DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 II. IN RESOLVING CONFLICTS IN THE EVIDENCE, THE TRIER OF FACT CLEARLY LOST ITS WAY CREATING A MANIFEST MISCARRIAGE OF JUSTICE FOR THE REASON THAT THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In his First Assignment of Error, appellant contends the trial court should have suppressed Mr. James Ford Jr.'s initial out-of-court identification of him and subsequent in-court identification of him because both were tainted by the initial identification procedure. We disagree.
Our review of the record indicates appellant did not file a pretrial motion to suppress, under Crim.R. 12(C)(3), concerning the issue of identification. Further, defense counsel never objected to Mr. Ford's identification of appellant, at trial. Nor did defense counsel object when Mr. Ford testified about identifying appellant at the Zanesville Police Department. "A failure to challenge, prior to trial, alleged defective * * * identification procedures precludes appellate review of this issue, absent plain error." State v. Rice (Dec. 14, 1998), Stark App. No. 1998CA00047, unreported, at 6.
In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. D'Ambrosio (1993),67 Ohio St.3d 424, 437; State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
Appellant claims Mr. Ford's initial identification of him, as the person that committed the robbery, was unreliable because he mainly described what the assailant was wearing and the only description of the assailant's physical features was that he was a black male, tall and slender, with salt and pepper Afro style hair. Appellant also claims Mr. Ford was distracted from observing the assailant's physical features because of the gun. Finally, appellant claims Mr. Ford's identification of him at the police station was tainted due to the fact that he previously heard another witness, Connie Tolliver, give a description of him to the police and he saw appellant, handcuffed, while at the police station.
We do not find that the outcome of appellant's trial clearly would have been different but for Mr. Ford's identification testimony. Two other witnesses were also present during the robbery, Mrs. Bonnie Ford and Nathan Barnhart. At trial, Mr. Barnhart also identified appellant as the person who committed the robbery at the Ford BP Station. Tr. Vol. I at 215. Mr. Barnhart testified that as the assailant left the BP Station, he pulled the mask down from his face and Mr. Barnhart had an opportunity to view the assailant's face. Id. Thus, even if we were to exclude Mr. Ford's testimony, one other witness also testified at trial and identified appellant as the person who committed the robbery.
Appellant's First Assignment of Error is overruled.
 II
Appellant contends, in his Second Assignment of Error, that the jury's verdict is against the manifest weight of the evidence because he presented a credible alibi defense. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
On December 21, 2000, appellant filed a "Notice of Alibi" pursuant to Crim.R. 12.1. In the notice, appellant states that:
 The defendant, Eugene B. McCall, proposes to offer testimony on his behalf at his Trial that he could not have robbed Ford BP gasoline station with a firearm on or around October 18, 2000, since at the time of the robbery he was at either The Canteen Bar or the residence of James Norris or Terry's Tavern.
It is primarily the jury's duty to assess the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, 231. The jury is able to observe the witnesses testify and can evaluate body language, voice inflection, and facial expressions. These are valuable tools for assessing credibility; tools which are not available to an appellate court working from the record alone. As such, a jury's assessment of credibility is entitled to considerable deference. See Thompkins, supra, at 390.
In reviewing the evidence presented at trial, we do not find the jury clearly lost its way in resolving conflicts in the evidence. Although appellant presented an alibi concerning his whereabouts on the day of the robbery, the jury must consider all of the evidence presented by the state as well as other defense witnesses in determining the validity of the alibi. In doing so, we do not find the jury lost its way in reviewing the conflicting evidence and finding appellant guilty of aggravated robbery and robbery. Further, in examining the entire record, we find the jury's verdict is not against the manifest weight of the evidence.
Appellant's Second Assignment of Error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.